

Squire Patton Boggs (US) LLP
30 Rockefeller Plaza
New York, New York  10112

O   +1 212 872 9800
F   +1 212 872 9815
squirepattonboggs.com


Mitchell R. Berger
T   +1 212 872 9800
mitchell.berger@squirepb.com

February 11, 2019

**BY ECF**

Chief Magistrate Judge Roanne L. Mann
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Spetner, et al. v. Palestine Investment Bank*, No. 19-cv-00005 (ENV)(RLM).

Dear Judge Mann:

      On behalf of defendant Palestine Investment Bank ("PIB"), we submit this brief reply to address Plaintiffs' professed confusion (*see* Dkt. #18) over the nature of PIB's motion for extension of time to respond to the Complaint (Dkt. #16).

      We apologize for burdening the Court with what should have been an easy stipulation with Plaintiffs to provide an extension of time matching what Plaintiffs' counsel have agreed, and the Court has approved, in the *Honickman* case discussed in PIB's application.  *See Honickman, et al. v. Blom Bank*, 2019-cv-00008 (E.D.N.Y. filed Jan. 1, 2019) (Dkt. #15) (stipulated 120-day extension to respond to the Complaint), granted by minute order of 2/8/19.  Of course, Plaintiffs' counsel also have agreed to an even lengthier 180-day extension in another similar case, *Averbach v. Cairo Amman Bank*, in the Southern District of New York.  *See* Dkt. #16, at 3.  Finally, we understand that Plaintiffs' counsel are prepared to agree to a 120-day extension in yet another look-alike case in this Court, *Bartlett v. Societe General de Banque au Liban SAL,* No. 1:19-cv-7 (E.D.N.Y.).

      To be clear, PIB seeks an extension until and including June 6, 2019, to move to dismiss, answer, or otherwise respond to the Complaint.  This is precisely what PIB stated in its letter application (Dkt. #16).  In support of that application, PIB explained that the requested extension not only (i) mirrored the extension to which Plaintiffs' counsel readily agreed in the look-alike *Honickman* case, but also (ii) was a reasonable exchange for PIB's agreement to waive its well-grounded objections to Plaintiffs' defective service of process.  *Id.*

47 Offices in 20 Countries

Squire Patton Boggs (US) LLP is part of the international legal practice Squire Patton Boggs, which operates worldwide through a number of separate legal entities.

Please visit squirepattonboggs.com for more information.

PIB's service objections are explained in its extension application, and are not undermined by the *Treeline* decision, which is properly distinguished as irrelevant in *Dev. Specialists, Inc. v. Li (In re Coudert Bros.)*, 2017 U.S. Dist. LEXIS 71435, at *24 (S.D.N.Y. May 10, 2017) (holding that "*permitting* service via mail, to the extent the Hague Convention indicates that it 'shall not interfere' with the freedom to send judicial documents via mail, is different from *expressly authorizing* service via mail such that it could be said to be an 'internationally agreed means of service.'").

In short, PIB seeks an extension of time to make a plenary Rule 12(b) motion—not to make a motion challenging service of process. For that purpose, document-review and factual-development are necessary to support a Rule 12(b)(2) motion challenging jurisdiction, which is not confined solely to the allegations of the Complaint concerning PIB's alleged wire transfers through the U.S. banking system.

Finally, as part of its 120-day extension request, PIB has offered to file its Rule 12 pre-motion letter, pursuant to Section III.A. of Judge Vitaliano's Individual Rules, not later than May 6, 2019. *See* Dkt. #16. Under Judge Vitaliano's rules, the filing of this letter serves as a response to the Complaint for Rule 12(b) purposes, tolling a further response pending the Court's order. This requested pre-motion conference letter date is less than 90 days away. PIB respectfully requests that the Court grant its application for extension of time so that it can move along to the merits phase of this litigation, rather than dwelling on what should have been a consented extension of time here, as in the parallel lawsuits.

We are providing a copy of this letter to Magistrate Judge Levy given the similar extension request pending in the *Singer v. Bank of Palestine* action referenced in PIB's extension application (*see* Dkt. #16 at 3 n.1).

                                                Respectfully submitted,

                                                Squire Patton Boggs (US) LLP

                                                Mitchell R. Berger

cc:     All counsel of record (by ECF)
         Hon. Robert M. Levy