

Squire Patton Boggs (US) LLP
2550 M Street, NW
Washington, D.C.  20037

O   +1 202 457 6000
F   +1 202 457 6315
squirepattonboggs.com


Gassan A. Baloul
T   +1 202 457 6155
gassan.baloul@squirepb.com

March 12, 2020

**VIA ECF**

Hon. Eric R. Komitee
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re: *Spetner, et al. v. Palestine Investment Bank*, Case No. 1:19-cv-00005 (E.D.N.Y.)**

Dear Judge Komitee:

This law firm represents the Defendant, Palestine Investment Bank ("PIB"), in the above-referenced action.  We write to provide the Court with supplemental authority in support of PIB's motion to dismiss the Plaintiffs' Amended Complaint, which was fully briefed and filed on February 28, 2020.

One of the authorities cited in PIB's reply brief in support of the motion to dismiss (ECF No. 43) is *Averbach v. Cairo Amman Bank*, 19-cv-0004-GHW-KHP, 2020 WL 486860 (S.D.N.Y. Jan. 21, 2020), in which Magistrate Judge Katharine Parker recommended dismissal of the *Averbach* complaint.  *See* PIB's reply brief at 12-14, 17-19.  A number of the Plaintiffs in this action are also plaintiffs in *Averbach*, and allege the same injuries arising out of the same Attacks. In *Averbach*, the plaintiffs allege that the defendant bank, Cairo Amman Bank, provided financial services to "seventeen charities alleged to be members of Hamas's civilian infrastructure" and "four prominent members of Hamas," and that one of the charities made "'martyr payments' to the families of terrorist operatives who were killed, injured, or imprisoned as a result of their terrorist activities."  2020 WL 486860, *2.  As noted in PIB's reply brief, there is no material difference between the allegations made here against PIB and the allegations made against Cairo Amman Bank in *Averbach* as to each bank's ostensible involvement in a "martyr payment" program.

Magistrate Judge Parker recommended dismissal of the *Averbach* complaint, finding that "there was no indication that CAB knew that its services were being used for martyr payments," and that "none of the allegations in this case support a conclusion that CAB knew the funds transferred to the Account Holders would be used for terrorist activities, let alone the Attacks that injured Plaintiffs or their relatives."  2020 WL 486860, *13, 15-16.  Magistrate Judge Parker also

Squire Patton Boggs (US) LLP is part of the international legal practice Squire Patton Boggs, which operates worldwide through a number of separate legal entities.

Please visit squirepattonboggs.com for more information.

Squire Patton Boggs (US) LLP

**VIA ECF**

Hon. Eric R. Komitee
United States District Court
Eastern District of New York
March 12, 2020

found that it was "clear" that the plaintiffs had failed to allege the separate "substantial assistance" element of a JASTA aiding-and-abetting claim. *Id.*, *16-17.

In a Memorandum Opinion and Order issued March 9, 2020, a copy of which is attached as Exhibit 1 hereto, District Judge Gregory Woods adopted Magistrate Judge Parker's report and recommendation "in its entirety." Exhibit 1 at 4. Judge Woods held that the magistrate "correctly determined that the complaint failed to allege the 'general awareness' necessary to prove" the *scienter* element of a JASTA aiding-and-abetting claim, and that she "correctly referenced the analysis in *Kaplan v. Lebanese Canadian Bank, SAL*, 405 F. Supp. 3d 525 (S.D.N.Y. 2019)," in making that determination. Exhibit 1 at 2. Judge Woods also confirmed that Magistrate Judge Parker had correctly applied the six *Halberstam* factors and Second Circuit precedent to conclude that the *Averbach* plaintiffs had not plausibly alleged the substantial assistance element of a JASTA aiding-and-abetting claim. *Id.* at 3. Separately, Judge Woods adopted Magistrate Judge Parker's recommendation that the claims of three *Averbach* plaintiffs be dismissed with prejudice because they are non-U.S. nationals and therefore lack standing to assert their claims under JASTA. Exhibit 1 at 3-4.

With the exception of the three *Averbach* plaintiffs who lacked standing, Judge Woods granted the plaintiffs leave to amend. However, importantly here, unlike in *Averbach*, there is neither a need nor justification for granting Plaintiffs leave to amend. Plaintiffs here opted to amend their complaint in response to PIB's initial motion to dismiss, whereas the *Averbach* plaintiffs declined the opportunity to do so. As a result, Plaintiffs here already have had two opportunities to try to state a legally-sufficient aiding-and-abetting claim, and have failed to do so. Because, unlike in *Averbach*, Plaintiffs here have now twice failed to state a legally-sufficient aiding-and-abetting claim, their claims should be dismissed with prejudice.

We thank the Court for its attention to these matters.

Respectfully submitted,

Squire Patton Boggs (US) LLP

/s/ *Gassan A. Baloul*
Gassan A. Baloul

cc:     All counsel of record (via ECF)