# EXHIBIT 1

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/9/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
JULIE AVERBACH for the estate of STEVEN :
AVERBACH, *et al*, :
  :
                                              Plaintiffs, :      1:19-cv-00004-GHW
  :
              -against- :      MEMORANDUM OPINION &
  :                                     ORDER
  :
CAIRO AMMAN BANK :
                                              Defendant. :
-------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

Before the Court is the Report and Recommendation (the "R&R") by Magistrate Judge Katharine H. Parker, dated January 21, 2020, which recommends that this Court dismiss Plaintiffs' complaint. Dkt. No. 53. Plaintiffs filed timely objections to the R&R's recommendation. Dkt. No. 58. Defendant Cairo Amman Bank opposed Plaintiffs' objections on February 25, 2020. Dkt. No. 59. And Plaintiffs replied on March 3, 2020. Dkt. No. 60.

The parties are familiar with the facts of this case, as carefully detailed in Judge Parker's R&R. For the reasons that follow, the R&R is accepted in its entirety.

## I.   STANDARD OF REVIEW

District courts may "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). A district court must "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "To the extent, however, that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." *IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07-cv-6865-LTS-GWG, 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008) (citation omitted); *see also Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for

clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition.") (citation omitted). "Objections of this sort are frivolous, general and conclusory and would reduce the magistrate's work to something akin to a meaningless dress rehearsal. The purpose of the Federal Magistrates Act was to promote efficiency of the judiciary, not undermine it by allowing parties to relitigate every argument which it presented to the Magistrate Judge." *Vega v. Artuz*, No. 97 Civ. 3775 (LTS)(JCF), 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) (citations and internal quotation marks omitted).

## II. ANALYSIS

Although styled as objections, Plaintiffs have merely repackaged the arguments originally presented to Magistrate Judge Parker. Such objections warrant only clear error review. *See Vega*, 2002 WL 31174466, at *1. Still, this Court has reviewed Judge Parker's R&R *de novo*, and finds it thoughtful and accurate.

First, Judge Parker correctly determined that the complaint failed to allege the "general awareness" necessary to prove a Justice Against Sponsors of Terrorism Act ("JASTA"), Pub. L. No. 114-222, 130 Stat. 852 (2016), aiding and abetting claim. Judge Parker accurately surveyed the applicable law and distinguished this case from those like *Miller v. Arab Bank, PLC*, where the bank at issue, among other things, "received lists for the Insurance Scheme that identified violent causes of death – including 'Martyr Operation' – which was more than sufficient notice for Arab Bank about the nature of the Insurance Scheme it was administering." 372 F. Supp. 3d 33, 45 (E.D.N.Y. 2019); *see also Honickman v. Blom Bank SAL*, 19-cv-00008(KAM)(SMG), 2020 WL 224552, at *9-11 (E.D.N.Y. Jan. 14, 2020). Instead, the R&R correctly referenced the analysis in *Kaplan v. Lebanese Canadian Bank, SAL*, 405 F. Supp. 3d 525 (S.D.N.Y. 2019), a decision Plaintiffs both mischaracterize and consider wrongly decided. *See* Objections, Dkt No. 58, 15-16.

Second, Judge Parker correctly found that Plaintiffs failed to adequately plead substantial assistance. The R&R's evaluation of the each of the six *Halberstam* factors accords with Second Circuit precedent and analyses from other district courts in this circuit.

Finally, Plaintiffs' standing analysis is incoherent and simply does not accord with the plain text of the statute. Judge Parker correctly read 18 U.S.C. § 2333(a) as precluding claims by foreign nationals (who just so happen to be survivors and heirs of U.S. nationals killed in the terrorist attacks at issue in this case) for personal damages such as physical injury, pain and suffering, loss of companionship, and emotional distress Section 2333(a) states that "[a]ny national of the United States injured in his or her person, property, or business by reason of an act of international terrorism, or his or her estate, survivors, or heirs, may sue therefor in any appropriate district court of the United States and shall recover threefold the damages he or she sustains and the cost of the suit, including attorney's fees." Put differently, any United States national, or his estate, survivors, or heirs, may sue for any injuries that the national receives to his person, property, or business by reason of an act of international terrorism. Nowhere in the statute does Congress provide remedies for non-nationals claiming damages for personal injuries.

In sum, even a *de novo* review of Judge Parker's R&R evinces no error whatsoever.

### III. LEAVE TO AMEND

Judge Parker's R&R did not address whether she would grant Plaintiffs leave to amend their complaint. When a complaint is dismissed for failing to state a claim upon which relief can be granted under Rule 12(b)(6), it is "the usual practice" to allow leave to replead. *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991); *see also Ronzani v. Sanofi S.A.*, 899 F.2d 195, 198 (2d Cir. 1990). Dismissal with prejudice is justified, however, if a plaintiff is "unable to allege any fact sufficient to support its claim." *Cortec Indus.*, 949 F.2d at 48.

The R&R correctly determined that Plaintiffs Julie Averbach, Matanya Nathansen, and Nevenka Gritz lack standing to bring claims on their own behalf under JASTA because they are

3

foreign nationals bringing claims for personal injuries. No set of facts would give these plaintiffs standing to assert claims for personal injuries under JASTA. Thus, any amendment of their claims for personal injuries would be futile and leave to amend those claims is, therefore, denied. The Court will, however, grant Plaintiffs leave to replead their remaining claims.

### IV. CONCLUSION

For these reasons, the Court accepts and adopts the thorough and well-reasoned R&R in its entirety. Cairo Amman Bank's motion to dismiss Plaintiffs' complaint is granted. Plaintiffs are granted leave to amend all claims, except those for personal injuries suffered by Plaintiffs Julie Averbach, Matanya Nathansen, and Nevenka Gritz, no later than thirty (30) days following the date of this order. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (noting that leave to amend is "liberally granted").

The Clerk of Court is directed to terminate the motions pending at Dkt. No. 46.

SO ORDERED.

Dated: March 9, 2019  
New York, New York

                                            GREGORY H. WOODS  
                                            United States District Judge

4