

Squire Patton Boggs (US) LLP
2550 M Street, NW
Washington, D.C. 20037

O +1 202 457 6000
F +1 202 457 6315
squirepattonboggs.com

Gassan A. Baloul
T +1 202 457 6155
gassan.baloul@squirepb.com

March 20, 2020

**VIA ECF**

Hon. Eric R. Komitee
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re:** *Spetner, et al. v. Palestine Investment Bank*, **Case No. 1:19-cv-00005 (E.D.N.Y.)**

Dear Judge Komitee:

On behalf of Defendant Palestine Investment Bank ("PIB"), we respectfully submit this brief reply to Plaintiffs' March 19, 2020 letter (ECF No. 45) (the "Letter"), which went well beyond the issues in PIB's March 12 notice of supplemental authority (ECF No. 44) based on District Judge Gregory Woods' decision in *Averbach v. Cairo Amman Bank*, 19-cv-004-GHW-KHP, 2020 WL 1130733 (S.D.N.Y. Mar. 9, 2020).

First, Plaintiffs significantly understate the overlap between this case and *Averbach*, which Plaintiffs say "share some factual similarities," Letter at 1. In fact, many of the Plaintiffs in this action are also plaintiffs in *Averbach*, and allege the same injuries arising out of the same Attacks.[1]

Second, the allegations in *Averbach* that Cairo Amman Bank ('CAB') hosted accounts used to make "martyr payments" are substantively indistinguishable from the look-alike allegations made here against PIB. *See Averbach v. Cairo Amman Bank*, 19-cv-004-GHW-KHP, 2020 WL 486860, *2 (S.D.N.Y. Jan. 21, 2020) (Parker, M.J. Report & Recommendation). Just as those allegations were insufficient to state a JASTA aiding-and-abetting claim against CAB in *Averbach*, they are insufficient to state the same claim against PIB here.[2] If anything, the allegations against CAB are more extensive, with the *Averbach* plaintiffs alleging that CAB

---

[1] The Plaintiffs who have asserted claims in both this action and in *Averbach* include, but are not limited to, the three Plaintiffs who were correctly held in *Averbach* to lack standing to sue under the ATA because they are non-U.S. nationals.

[2] The plaintiffs in *Averbach* also allege that CAB maintained an account for Holy Land Foundation, as the Plaintiffs do here with respect to PIB. Those allegations are insufficient to state any of Plaintiffs' claims, for the reasons set forth in PIB's briefs in support of its motion to dismiss, including that, as in *Averbach*, Plaintiffs do not plausibly allege that PIB processed any transactions for Holy Land Foundation after it was designated by the U.S. government. *See Averbach*, 2020 WL 486860, *13.

44 Offices in 19 Countries

Squire Patton Boggs (US) LLP is part of the international legal practice Squire Patton Boggs, which operates worldwide through a number of separate legal entities.

Please visit squirepattonboggs.com for more information.

Squire Patton Boggs (US) LLP

**VIA ECF**

Hon. Eric R. Komitee
United States District Court
Eastern District of New York
March 20, 2020

provided services to <u>seventeen</u> charities alleged to be affiliated with Hamas, as well as "<u>four prominent members</u> of Hamas," *id*. (emphasis added).

<u>Third</u>, *Averbach* equally forecloses the *Spetner* Plaintiffs' primary-liability claims under 18 U.S.C. § 2339A, despite Plaintiffs' effort to depict those claims as a "material difference" from *Averbach*. The *scienter* required for § 2339A claims is considerably higher than the *scienter* required for a JASTA aiding-and-abetting claim. *See Linde v. Arab Bank*, 882 F.3d 314, 330 n.11 (2d Cir. 2018) (noting that § 2339A claims require "proof of knowledge or intent that material support be used in preparation for or in carrying out specified crimes" of terrorism). Accordingly, *scienter* allegations that are insufficient to establish a JASTA aiding-and-abetting claim *a fortiori* fail to satisfy the *scienter* required for § 2339A claims.

<u>Fourth</u>, *Averbach* is "nearly identical" to *Kaplan v. Lebanese Canadian Bank*, *SAL*, 405 F. Supp. 3d 525, 529 (S.D.N.Y. 2019), and the *Kaplan* decision itself "is in keeping with the trend in JASTA case law toward disallowing claims against defendants who did not deal directly with a terrorist organization or its proxy." *Averbach*, 2020 WL 486860, *12. That trend also includes a number of other Second Circuit cases cited in PIB's briefs in support of its motion to dismiss, including *Siegel v. HSBC N. Am. Holdings, Inc.*, 933 F.3d 217 (2d Cir. 2019); *O'Sullivan v. Deutsche Bank AG*, No. 17 CV 8709, 2019 WL 1409446 (S.D.N.Y. Mar. 28, 2019); *Honickman v. BLOM Bank SAL*, 19-cv-008, 2020 WL 224552 (E.D.N.Y. Jan. 14, 2020); *Strauss v. Credit Lyonnais, S.A.*, 379 F. Supp. 3d 148 (E.D.N.Y. 2019); and *Weiss v. Nat'l Westminster Bank PLC*, 381 F. Supp. 3d 223 (E.D.N.Y. 2019). Plaintiffs cannot plausibly distinguish this long line of dismissed cases from their fatally-flawed claims here; they only claim that *Averbach* was "wrongly decided," Letter at 1.[3] Of course, this Court is bound by the Second Circuit's holdings in *Linde* and *Siegel*, and should be guided by *Averbach* and the many other in-circuit decisions set forth above, rather than Plaintiffs' arguments about what they <u>wish</u> the law was.

Respectfully submitted,

Squire Patton Boggs (US) LLP


<u>/s/ *Gassan A. Baloul*</u>
Gassan A. Baloul


cc: All counsel of record (via ECF)

---

[3] While Plaintiffs claim that Magistrate Judge Parker's report and recommendation in *Averbach* was "wrongly decided," they argue that Magistrate Judge Parker "correctly found" that CAB was subject to personal jurisdiction, Letter at 1 n.2. However, Magistrate Judge Parker's holding in *Averbach* was based on the fact that CAB, <u>unlike</u> PIB here, "maintained correspondent banking relationships with banks in New York" and processed funds transfers allegedly at issue through those accounts. 2020 WL 486860, *3. Here, as discussed in PIB's moving brief and reply brief and the declarations filed therewith, PIB did not have a correspondent banking relationship with any U.S. bank during the time period relevant to this action.