# EXHIBIT C

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------

COURTNEY LINDE, et al. :

     Plaintiffs, :

         :

 -against- :

         :

ARAB BANK, PLC, :

         :

     Defendant. :

--------------------------------------------------- :

Case No. CV 04 2799 (BMC/VVP)

**DECLARATION OF
SHLOMO POLITIS**

   I, Col. (ret.) Shlomo Politis, of Jerusalem, Israel, bearer of Israeli identification no. 13192414, after being cautioned to testify truthfully and that failure to do so will subject me to the penalties of perjury under the laws of the State of Israel and the State of New York, hereby declares as follows:

**A.  Professional Background**

   1.  I hold a law degree from the Law Faculty of the Hebrew University in Jerusalem and I was a member of the Israeli Bar from 1983 until 2012.

   2.  Between 1977 and 2005 I served in a wide variety of legal positions in the Judge Advocate General Corps of the Israel Defense Forces ("IDF").

   3.  I served, *inter alia*, as a legal advisor in the Gaza Strip (1980-1987) until I became Chief IDF Legal Advisor for the Gaza Strip (1988-1989), Advocate General of the IDF Central Command  (1990-1994), and as Chief IDF Legal Advisor for Judea and Samaria (a/k/a the West Bank) (1994-2004).

   4.  In 2005 I retired from the IDF with the rank of Colonel.

5.    During the course of my 19 years-service in the West Bank and the Gaza Strip , I rendered a wide range of legal advice on both military and civil issues to the Israeli military government and to the Head of the Civil Administration and other departments and agencies in these territories.

6.    My responsibilities during that period included, *inter alia*: drafting and preparing IDF legislation in the West Bank and the Gaza Strip; researching and interpreting local law (i.e. the Egyptian and Jordanian laws that were in force in these areas prior to Israeli rule); working together with the Office of the State Attorney in representing the IDF before the Israel Supreme Court and in civil litigation; and dealing with various military, administrative, municipal and civil law issues.

7.    From 1994 until shortly prior to my retirement in 2005, I was engaged in providing legal advice on behalf of the IDF in issues relating to the peace negotiations between Israel and the Palestinians, and in providing the IDF with analyses and interpretation of provisions of the peace agreements that were signed (the various agreements that make up the "Oslo Accords").

8.    Specifically, during that time, as Chief IDF Legal Advisor for Judea and Samaria I was responsible for an administrative department that had among its duties, to translate into Arabic, print and distribute for publication all laws, rules and regulations concerning the West Bank to all relevant parties, as well as the preparation of the Israel Military Official Gazette and its distribution for publication.

9.    I was asked by Plaintiff's attorneys to provide this declaration regarding the publication process of the legislation enacted in the West Bank during my service.

### B.    The Israeli Legal Regime in Judea and Samaria (West Bank)

10.    On June 5, 1967, the Six-Day War broke out. During the course of the hostilities, the IDF captured the West Bank.

11.    The Israeli government and Supreme Court treated Israel's occupation of the West Bank as subject to the rules of international public law governing "belligerent occupation" by a military government. *See generally HCJ 393/82 Jami'at Ascan el-Malmun el-Mahdudeh el-Masauliyeh, Communal Society Registered at the Judea and Samaria Area Headquarters v. The Commander of IDF Forces in the Judea and Samaria Area*, 37(4) P.D. 785, 792 and HCJ 390/70 *Duikat v. The Government of Israel*, 34(1) PD 1, 12).

12.    The supreme authority for the Israeli Military government in the West Bank was and continues to be a military commander (an IDF officer) whose official title is "Commander of IDF Forces in the Area [of Judea and Samaria]" (hereinafter the "IDF Commander").

13.    The powers and authority of the IDF Commander are drawn from the rules of public international law governing military occupations. Thus, all governmental and administrative authority in the West Bank was vested in the IDF Commander. *See HCJ 2056/04 The Beit Sourik Village Council v. The Government of Israel*, 58(5) PD 817.

14.    The exercise of this governmental and administrative authority included maintaining and enforcing existing local law (i.e. the law that was in force in the West Bank prior to the war) and all governmental and administrative authority granted by new legislation promulgated by the IDF Commander. *See Jami'at Ascan, id.*, at 792.

15.    On June 8, 1967, the IDF Commander issued Proclamation No. 2, titled "Proclamation Regarding the Administration of Rule and Justice". This Proclamation was published in the Booklet No. 1 of the Israeli Military Official Gazette - as defined below, which

is attached hereto as Exhibit 1. Its Article 3, captioned "Assumption of Powers", provided in the relevant portion that:

> *All power of government, legislation, appointment and administration in respect to the Area or its residents shall from now on vest exclusively in me and shall be exercised solely by me or by a person appointed by me for that purpose or acting on my behalf.*

**C.      The Publication of Laws**

16.      Article 6 of the same Proclamation No. 2, captioned "Publication of Legislation" states in its relevant part that:

> *"[Any] Proclamation, Order or Notice issued on my behalf shall be published in any way I shall deem appropriate."*

17.      On August 11, 1967 the IDF Commander published Order No. 111 called "Order About the Proclamations Record". This Order was published in the Israeli Military Official Gazette Booklet No. 7 and is attached hereto as Exhibit 2. Paragraph 1 of this Order No. 111 states that :

> *"Proclamations Record – This is the record known as 'Proclamations, Orders and Appointments of the IDF Forces Headquarters in the West Bank'* published periodically in Hebrew and in Arabic (for convenience hereinafter the "Israeli-Military Official Gazette").

18.      In the same Order, the IDF Commander defines what is "published earlier versions" of the Proclamations, Orders and Appointments, stating that:

> *"Earlier Versions- Versions of the Proclamations, Orders, Notices and Appointments which were published to the public at large in any manner, before the publication in the Israeli Military Official Gazette".*

19.     On that same August 11, 1967, the first Israeli Military Official Gazette was published.

20.     On November 5, 1967, the IDF Commander issued the Order Regarding Interpretation No.2 (Order No. 161) based on which he issued Instructions regarding the publication of legislation to the public. This Order and Instruction were published in the Booklet No. 8 of the Israeli Military Official Gazette as attached hereto as Exhibit 3, and state the following:

> *Every provision in the law that speaks about publication in the Official Gazette, elective or mandatory, or which is customarily published in this manner, shall be deemed as being a publication to the public in general in a manner sufficient to bring it to the attention of the interested persons at the discretion of the IDF Commander.*
>
> *The IDF Commander determined four manners, each one separately sufficient to meet the definition of a publication to the public at large as follows: (1) publication by radio broadcast; (2) to affix a notice on the Messages Board at the local Court House; (3) to affix a notice on the Message Board at the Office of the District Administration; and (4) when the publication is directed to a certain city or village, to affix the notice on the Message Board of the Municipality Office or at the home of the local Mukhtar depending on the matter in question.*

21.     The IDF Commander issued these Orders in compliance with Article 65 of the Geneva Convention Relative to the Protection of Civilian Persons in Time of War (1949) which states as follows:

> *"The penal provisions enacted by the occupying power shall not come into force before they have been published and brought to the knowledge*

*of the inhabitants in their language. The effect of these penal provisions shall not be retroactive."*

22.     The authoritative treatise on the subject is *Commentary, IV Geneva Convention Relative to the Protection of Civilian Persons in Time of War,* published under the general editorship of Jean S. Pictet ICRC, reprinted in 1994' Geneva, pp. 338-339. The treatise clearly states that "the Convention does not prescribe the mode of publication, which may be through the medium of the local press, in an 'Official Gazette' specially issued for the purpose, or by posting notices in places specially set aside and known to the public." (emphasis added)

23.     In addition, the Israel Supreme Court ruled that the above-mentioned laws of publication provide the appropriate means of publication of laws, rules and regulations in Judea and Samaria (the West Bank). *See* HCJ 5808/93 -.*Hevra Kalcalit for Jerusalem Ltd. v. The Commander of IDF Forces in the Judea and Samaria Area*, 49(1) P.D. 99 - 101.

**D.     The Operational Side of Publication**

24.     At any time the IDF Commander in his capacity as legislator in Judea and Samaria or another authority with legislative power issued a law, rule or regulation such legislation, in its **earlier version** as referred to in paragraph 18 above, was immediately translated into Arabic, printed at the offices at the Civil Administration of Judea and Samaria and distributed to the District Civil Liaison Offices (hereinafter "DCLs") - which were located in every district of Judea and Samaria – in order to bring them to the attention and knowledge of the public at large.

25.     According to the Israeli-Palestinian Interim Agreement on the West Bank and Gaza Strip of September 28, 1995 (hereinafter the "Interim Agreement"), it was agreed that each

side (Israeli and Palestinian) would establish and operate DCLs in all eight districts of Judea and Samaria[1] (See Annex III- Protocol Concerning Civil Affairs, Article I, Clause 3a). The purpose of the DCL is, *inter alia,* to deal with the day-to-day civil affairs in coordination with the Palestinian DCLs and handle the needs of the local population among them, granting all types of permits such as work permits in Israel, to open and obtain different business licenses, humanitarian permits such as family visits, health treatments in Israel and others. A multitude of locals came to the DCLs every day. At every DCL there was an accessible Message Board, where these laws, rules and regulations were affixed, and thus, brought to the public's attention.

26.    By doing this, the obligation of publication according to the International Law and the directive of the Supreme Court of Israel was fulfilled.

27.    Nonetheless, in addition to this publication, there was a procedure whereby the Israeli DCLs made copies of such laws, rules and regulations and made them available to the Palestinian DCLs during their frequent meetings, as established by the Interim Agreement (See Annex III- Protocol Concerning Civil Affairs, Article I, Clause 3d).

28.    Moreover, at the same time, in my office, we had a long distribution list containing a variety of institutions and individuals, Palestinians and Israelis, including many local attorneys, and my instruction to my officers was to include anyone whatsoever who asked to be in the distribution list.

29.    After a number of laws, rules and regulations accumulated in a certain period of time, they were consolidated and printed in a booklet of the Israeli-Military Official Gazette in both Hebrew and Arabic. The publication of this booklet was made according to the same method as for the "earlier version", i.e., was posted onto the Message Boards of the DCLs, made

---

[1] The districts are: Jenin, Tulkarem, Qalqilya, Nablus, Ramallah, Bethlehem, Hebron and Jericho.

available to the Palestinians DCLs and mailed to the distribution list. Therefore, in fact, the laws, rules and regulations were published twice in a broad manner.

30.     In the past few years, the Israeli Military Official Gazette has also been made available to the public in general through the site of the Israel Judge Advocate General at http://www.mag.idf.il/801-he/Patzar.aspx .

31.     Under the presumption of administrative correctness, I can affirm that the order of the IDF Commander, signed on July 30, 2002, that outlawed various institutions operating in the Palestinian Territories, deemed to be part of Hamas, such as the Jenin Zakat Committee, the Ramallah Zakat Committee, the Tulkarem Zakat Committee, al-Islah (Reform) Society, al Tadamon Charitable Society in Nablus and the Islamic Charitable Society of Hebron was published immediately subsequently to that date, according to the method described above in compliance with the publication requirement. Afterwards, this order was included in Booklet No. 200 (pages 3239 and 3288) of the Israeli-Military Official Gazette and published once more in Hebrew and Arabic as attached hereto as Exhibit 4.


        I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 24, 2014
        Jerusalem, Israel

_____
        Shlomo Politis

Case 1:04-cv-00397-GBD-RLE   Document 84-13   Filed 05/28/10   Page 1 of 24





# מנשרים, צווים ומינויים

## של

## מפקדת כוחות צה"ל באזור הגדה המערבית

# مناشـير، أوامـر وتعيينـات

## صادرة عن

## قيادة قوات جيش الدفاع الاسرائيلي في منطقة الضفة الغربية

| ה' באב תשכ"ז (11 באוגוסט 1967) | מס' 1 — העدد 1 | ٥ آب ٧٢٧١ (١١ آب ١٩٦٧) |

---

## التوكن / התוכن    المحتويات

عمود     مناشير     صفحة

**מנשרים**

מנשר בדבר נטילת השלטון ע"י צה"ל (מנשר מס' 1)   3

منشور بشأن تقلد السلطة من قبل جيش الدفاع الاسرائيلي   (منشور رقم ١)   ٣

מנשר בדבר סדרי שלטון ומשפט (מנשר מס' 2)   3

منشور بشأن أنظمة السلطة والقضاء (منشور رقم ٢)   ٣

מנשר בדבר כניסתו לתוקף של צו בדבר הוראות בטחון (מנשר מס' 3)   5

منشور بشأن بدء مفعول الامر بشأن تعليمات الامن (منشور رقم ٣)   ٥

צו בדבר הוראות בטחון   5

امر بشأن تعليمات الامن   ٥

**צווים**    أوامر

צו בדבר איסור ביזה (צו מס' 1)   24

امر بشأن حظر النهب (أمر رقم ١)   ٢٤

צו בדבר הסגר תברואי (צו מס' 2)   24

امر بشأن الحجر الصحي (أمر رقم ٢)   ٢٤

צו בדבר כינון בתי משפט צבאיים (צו מס' 3)   25

امر بشأن انشاء محاكم عسكرية (أمر رقم ٣)   ٢٥

צו בדבר הסמכה לקביעת מקומות מאסר (צו מס' 4)   26

امر بشأن تفويض بتحديد أماكن الحبس (أمر رقم ٤)   ٢٦

צו בדבר שטחים סגורים (צו מס' 5)   26

امر بشأن ساحات مغلقة (أمر رقم ٥)   ٢٦

צו בדבר התמסרות הנשגרה (צו מס' 6)   27

امر بشأن استسلام الجنود وتسليمهم (أمر رقم ٦)   ٢٧

צו בדבר איסור, סחר ועיסקות כספיות (בנקים) (צו מס' 7)   27

امر بشأن حظر الاتجار وعقد الصفقات النقدية (البنوك) (أمر رقم ٧)   ٢٧

צו בדבר איסור קניה ומכירה (צו מס' 8)   28

امر بشأن حظر الشراء والبيع (أمر رقم ٨)   ٢٨

**מינויים**    تعيينات

רשימת מינויים שמינה מפקד כוחות צה"ל באזור הגדה המערבית   30

قائمة بالتعيينات الصادرة من قائد قوات جيش الدفاع الاسرائيلي في منطقة الضفة الغربية   ٣٠   من يمثل

ספריית יועמ"ש איו"ש

Case 1:19-cv-00005-EK-VMS Document 73-3 Filed 07/12/25 Page 11 of 24 PageID #: 88785

צבא הגנה לישראל

מנשר מס' 1

## מנשר בדבר נטילת השלטון ע"י צה"ל

1. צבא הגנה לישראל נכנס היום לאזור ונטל לידיו את השלי-טה וקיום הבטחון והסדר הציבורי באזור.

2. הנני מכריז בזה על עוצר בית בכל האזור. לא יצא איש את הבית בכל שעות היממה.

3. התושבים יוכלו להצטייד במצרכים החיוניים, בשכונות מגוריהם הקרובות, במועדים שיפורסמו בהודעות מיוחדות.

4. תנועת כלי רכב אסורה.

5. אסור להתקהל ברחובות או במקומות ציבוריים אחרים.

6. כל אדם ישא עמו – בכל עת – תעודה הנושאת תמונתו והמאשרת זיהויו.

7. השירותים החיוניים באזור יפעלו כסדרם. לפי הוראות שתנ-תנה מטעמי.

8. כל המפר הוראות אלה יענש בכל חומר הדין וכל נסיון להפר את הבטחון ידוכא מיד.
חיילי צה"ל יבטחו מילוי קפדני של הוראות אלה.

כ"ח באייר תשכ"ז     מפקד כוחות צה"ל
7 ביוני 1967     באזור

---

צבא הגנה לישראל

מנשר מס' 2

## מנשר בדבר סדרי שלטון ומשפט

למען אפשר קיום הממשל התקין, הבטחון והסדר הציבורי, הנני מכריז בזה לאמור:

**פרשנות**

1. "האזור" – פרושו אזור הגדה המערבית.

**תוקף המשפט הקיים**

2. המשפט שהיה קיים באזור ביום כ"ח באייר תשכ"ז (7 יוני 1967) יעמוד בתקופו, עד כמה שאין בו משום סתירה למנ-שר זה או לכל מנשר או צו, שיינתנו על ידי, ובשינויים הנובעים מכינוננו של שלטון צבא הגנה לישראל באזור.

**נטילת סמכויות**

3. (א) כל סמכות של שלטון, חקיקה, מינוי ומינהל לגבי האזור או תושביו תהא מעתה נתונה בידי בלבד ותופעל רק על ידי או על ידי מי שיתמנה לכך על ידי או יפעל מטעמי.

---

## جيش الدفاع الاسرائيلي

منشور رقم ١

منشور بشأن تقلد السلطة من قبل جيش الدفاع الاسرائيلي

١ — ان جيش الدفاع الاسرائيلي دخل اليوم الى المنطقة وتقلد زمام الحكم لاقرار الامن والنظام العام في المنطقة.

٢ — اني أعلن بهذا فرض نظام منع التجوّل في جميع أنحاء المنطقة، ولا يجوز لأي شخص ان يغادر منزله خلال ساعات اليوم كلها.

٣ — يستطيع السكان ان يزودوا باحتياجاتهم الحيوية في احياء سكناهم الدائمة وخلال المواعيد التي سيعان عنها في اعلانات خاصة.

٤ — حركة وسائط النقل ممنوعة.

٥ — التجمع ممنوع في الشوارع أو في الاماكن العمومية الاخرى.

٦ — على كل شخص ان يحمل معه دائماً شهادة تحمل صورته و تمكن من اثبات هويته.

٧ — تعمل الخدمات الحيوية في المنطقة حسب المعتاد وفقاً لتعليمات التي تصدر من قبلي.

٨ — كل من يخالف هذه التعليمات يعاقب باشد العقوبات، وكل محاولة لاخلال بالامن تقمع حالاً.
ويتولى جنود جيش الدفاع الاسرائيلي تنفيذ هذه التعليمات بدقة.

في ٢٨ أيار ٥٧٢٧ (٧ حزيران ١٩٦٧)

قائد قوات
جيش الدفاع الاسرائيلي
في المنطقة

## جيش الدفاع الاسرائيلي

منشور رقم ٢

منشور بشأن أنظمة السلطة والقضاء

رغبة في اقرار حكم منتظم واقرار الامن والنظام العام أعلن بهذا ما يلي: –

تفاسير

١ — ينصرف معنى كلمة «المنطقة» في هذا المنشور الى منطقة الضفة الغربية.

مفعول القوانين القائمة

٢ — ان القوانين التي كانت قائمة في المنطقة بتاريخ ٢٨ أيار ٥٧٢٧ (٧ حزيران ١٩٦٧) تظل نافذة المفعول بالقدر الذي لا تتعارض فيه مع هذا المنشور أو أي منشور أو أمر يصدر من قبلي - وبالتغييرات الناجمة عن انشاء حكم جيش الدفاع الاسرائيلي في المنطقة.

تقلد صلاحيات

٣(أ) — كل صلاحية من صلاحيات الحكم، التشريع، التعيين والادارة ما يتعلق بالمنطقة أو بسكانها تخول من الآن الىّ فقط وتمارس من قبلي أو من قبل من اعينه لذلك أو من يعمل بالنيابة عني.

<div dir="rtl">

**(ب)** מבלי לפגוע בכלליות האמור לעיל, נקבע בזה כי כל
חובה של החייב/צות, קבלת הסכמה או כיוצא באלה,
שנקבעה בדין כל שהוא כתנאי מוקדם לחקירה או למי-
נוי, או כתנאי למתן תוקף לחקירה או למינוי — בטלה
בזה.

**הוראות לגבי רכוש**

4. רכוש דניידי ודלא ניידי, לרבות כספים, חשבונות בנקים,
נשק, תחמושת, כלי רכב, כלי תחבורה אחרים, וכל ציוד מל-
חמתי אחרי/אחר, שהיה שייך או רשום בשם המדינה או
הממשלה הירדנית האמשמית או יחידה מיחידותיה או שלו-
חה משלוחותיה או חלק מכל אלה, המצויים באזור, יועברו
להזקתי הבלעדית ויהיו נתונים להנהלתי.

**מסים**

5. מסים, היטלים, אגרות ותשלומים מכל סוג שהוא, המשתל-
מים למוסדות שלטון מרכזי, אשר לא נפרעו עד יום כ״ז
באייר תשכ״ז (6 ביוני 1967) — ישולמו לי.

**פרסום דבר חקירה**

6. מנשר, צו או הודעה מטעמי יפורסמו בכל דרך שתיראה
בעיני.

**עבירות**

7. כל המפר או המנסה להפר את הסדר הציבורי והבטחון או
כל הוראה מהוראות מנשר זה או צו, הוראה או הודעה,
שיוצאו על ידי או מטעמי ייענש בכל חומר הדין.

**תחילת תוקף**

8. תחילתו של מנשר זה מיום כ״ח באייר תשכ״ז (7 ביוני
.1967)

**השם**

9. מנשר זה יקרא ״מנשר בדבר סדרי השלטון והמשפט (אזור
הגדה המערבית) (מס׳ 2), תשכ״ז — 1967״.

ירושלים, כ״ח באייר תשכ״ז
7 ביוני 1967.

חיים הרצוג, אלוף
מפקד כוחות צה״ל
באזור הגדה המערבית

</div>

<div dir="rtl">

ب – دون المساس بعمومية ما ذكر أعلاه يقرر هنا ان كل
واجب بالاستشارة أو الحصول على موافقة أو ما أشبه
الذي تقرر في أي قانون كشرط مسبق لتشريع أو لتعيين، أو
كشرط لاعطاء مفعول لتشريع أو تعيين — يعتبر لاغياً.

**تعليمات بشأن الاملاك**

٤ – ان جميع الاموال المنقولة وغير المنقولة، بما في ذلك
النقود، حسابات البنوك، الاسلحة، الذخيرة، المركبات،
ووسائط المواصلات الاخرى وكل عتاد حربي ومدني آخر
كان عائداً للدولة أو مسجلا باسم الدولة أو الحكومة الاردنية
الهاشمية أو أية وحدة من وحداتها أو أي فرع من فروعها
أو أي جزء مما ذكر أعلاه مما يوجد في المنطقة – يوضع
تحت تصرفي فقط ويخضع لادارتي.

**الضرائب**

٥ – تدفع اليّ جميع الضرائب والعوائد والرسوم والدفعات
الاخرى أيا كان نوعها، المستحقة لمؤسسات الحكم
المركزي والتي لم تسدد حتى يوم ٢٧ أيار ٥٧٢٧
(٦ حزيران ١٩٦٧).

**نشر التشريعات**

٦ – كل منشور، أمر أو اعلان صادر عني، ينشر بأي طريقة
أستصوبها.

**جرائم**

٧ – كل من يخل أو يحاول الاخلال بالنظام العام والامن أو
بأي حكم من احكام هذا المنشور، أو اي أمر أو تعليمات
أو اعلان ما يصدر عني أو بالنيابة عني، يعاقب بأقصى
العقوبات.

**بدء سريان**

٨ – يبدأ سريان هذا المنشور اعتباراً من ٢٨ أيار ٥٧٢٧
(٧ حزيران ١٩٦٧).

**الاسم**

٩ – يطلق على هذا المنشور اسم «منشور بشأن أنظمة السلطة
والقضاء (منطقة الضفة الغربية) (رقم ٢)، لسنة ٥٧٢٧
.١٩٦٧»

أورشليم، في ٢٨ أيار ٥٧٢٧ (٧ حزيران ١٩٦٦)

ألّوف – حاييم هرصوغ
قائد قوات جيش الدفاع الاسرائيلي
في منطقة الضفة الغربية

</div>



# מנשרים, צווים ומינויים
### של
## מפקדת כוחות צה"ל באזור הגדה המערבית

## مناشـير، أوامـر وتعيينات
### صادرة عن
## قيادة قوات جيش الدفاع الاسرائيلي في منطقة الضفة الغربية

| ח' בכסלו תשכ"ח (10 בדצמבר 1967) | מס' 7 – העדד 7 | ٨ كسليف ٥٧٢٨ (١٠ كانون الاول ١٩٦٧) |
|---|---|---|

| التوכن | עמוד | צווים |
|---|---|---|
| | | צו בדבר תיקון חוק הקרקעות (רכישה לצרכי |
| | 247 | ציבור) (צו מס' 108) |
| | 249 | צו בדבר ערעורי מס-הכנסה (צו מס' 109) |
| | | צו בדבר הבאת עתונים הפצתם (תיקון מס' 1 |
| | 250 | (צו מס' 110) |
| | 251 | צו בדבר קובץ המנשרים (צו מס' 111) |
| | 252 | צו בדבר משפטים ממשלתיים (צו מס' 112) |
| | | צו בדבר תיקון חוק גביית הכספים הציבוריים (צו |
| | 254 | מס' 113) |
| | 255 | צו בדבר התחבורה (תיקון מס' 2) (צו מס' 114) |
| | | צו בדבר נכסים נטושים – רכוש הפרט (תיקון |
| | 256 | מס' 1) (צו מס' 115) |
| | | צו בדבר רכוש ממשלתי (תיקון מס' 1) (צו מס' |
| | 256 | (116 |
| | | צו בדבר הוראות בטחון (תיקון מס' 8) (צו מס' |
| | 257 | (117 |
| | | צו בדבר חוק הפיקוח על סרטי קולנוע (צו מס' |
| | 258 | (118 |
| | 259 | צו בדבר פקודת העתיקות (צו מס' 119) |

| المحتويات | | |
|---|---|---|
| أوامــر | | صفحة |
| أمر بشأن تعديل قانون استملاك الاراضي | | |
| للمشاريع العامة (أمر رقم ١٠٨) | | ٢٤٧ |
| أمر بشأن استئنافات ضريبة الدخل | | |
| (أمر رقم ١٠٩) | | ٢٤٩ |
| أمر بشأن جلب جرائد وتوزيعها (تعديل رقم ١) | | |
| (أمر رقم ١١٠) | | ٢٥٠ |
| أمر بشأن مجموعة المناشير (أمر رقم ١١١) | | ٢٥١ |
| أمر بشأن دعاوي الحكومة (أمر رقم ١١٢) | | ٢٥٢ |
| أمر بشأن تعديل قانون تحصيل الاموال الاميرية | | |
| (أمر رقم ١١٣) | | ٢٥٤ |
| أمر بشأن النقل على الطرق (تعديل رقم ٢) | | |
| (أمر رقم ١١٤) | | ٢٥٥ |
| أمر بشأن الاموال المتروكة – الممتلكات الخصوصية | | |
| (تعديل رقم ١) (أمر رقم ١١٥) | | ٢٥٦ |
| أمر بشأن املاك الحكومة (تعديل رقم ١) | | |
| (أمر رقم ١١٦) | | ٢٥٦ |
| أمر بشأن تعليمات الأمن (تعديل رقم ٨) | | |
| (أمر رقم ١١٧) | | ٢٥٧ |
| أمر بشأن قانون مراقبة الافلام السينمائية | | |
| (أمر رقم ١١٨) | | ٢٥٨ |
| أمر بشأن قانون الآثار القديمة (أمر رقم ١١٩) | | ٢٥٩ |

<div dir="rtl">

**היתר לפרסום**

2. הבאת עתון או פרסום אחר לאזור ופרסומם בו טעונים
היתר מאת הממונה."

**תחילת תוקף**

2. תחילתו של צו זה ביום כ"ט באב תשכ"ז (4 בספטמבר
1967).

**השם**

3. לצו זה ייקרא "צו בדבר הבאת עתונים והפצתם (אזור
הגדה המערבית) (תיקון מס' 1) (מס' 110), תשכ"ז—1967".
כ"ט באב תשכ"ז (4 בספטמבר 1967)

עוזי נרקיס, אלוף
אלוף פיקוד המרכז
ומפקד כוחות צה"ל
באזור הגדה המערבית

צבא הגנה לישראל
צו מס' 111
**צו בדבר קובץ המנשרים**

בתוקף סמכויותי כמפקד כוחות צה"ל באזור, אני מצווה בזה
לאמור: —

**הגדרות**

1. בצו זה: —
"קובץ המנשרים" — הקובץ הנקרא "מנשרים, צווים, ומי־
נויים של מפקדת כוחות צה"ל באזור הגדה המערבית",
המתפרסם מדי פעם בעברית ובערבית.
"נוסח קודם" — הנוסח של מנשרים, צווים, הודעות ומינו־
יים אשר פורסם ברבים, בדרך כל שהיא, לפני פרסום
קובץ המנשרים.

**עדיפות הנוסח**

2. א. הנוסח של מנשרים, צווים, הודעות ומינויים בקובץ
המנשרים עדיף על פני הנוסח הקודם, אולם זאת
בכפוף לאמור בסעיף קטן (ב).
ב. נתגלתה סתירה בין הנוסח שפורסם בקובץ המנשרים
לבין הנוסח הקודם, יהולו הוראות אלה: —
אין בקובץ המנשרים כדי—

---

« رخيص للنشر

٢ ـ يتطلب جلب جريدة او نشرة اخرى الى
المنطقة ونشرهما فيها ترخيصاً من قبل المسؤول » .

بدء سريان

٢ ـ يبدأ سريان هذا الأمر اعتباراً من ٢٩ آب ٥٧٢٧
(٤ ايلول ١٩٦٧) .

الاسم

٣ ـ يطلق على هذا الأمر اسم «أمر بشأن جلب جرائد
وتوزيعها (منطقة الضفة الغربية) (تعديل رقم ١)
(رقم ١١٠) ، لسنة ٥٧٢٧ ـ ١٩٦٧» .
٢٩ آب ٥٧٢٧ (٤ ايلول ١٩٦٧)
اللّوف عوزي نركيس
اللّوف القيادة الوسطى
وقائد قوات جيش الدفاع الاسرائيلي
في منطقة الضفة الغربية

**جيش الدفاع الاسرائيلي**

أمر رقم ١١١

**أمر بشأن مجموعة المناشير**

استناداً الى الصلاحيات المخولة لي بصفتي قائداً لقوات
جيش الدفاع الاسرائيلي في المنطقة ، اصدر الأمر التالي :

تعاريف

١ ـ في هذا الأمر : —
«مجموعة المناشير » ـ المجموعة المسماة «مناشير ،
أوامر وتعيينات صادرة عن قيادة قوات جيش
الدفاع الاسرائيلي في منطقة الضفة الغربية»
والمنشورة من وقت الى آخر باللغتين العبرية
والعربية .
«نص سابق» ـ نص المناشير ، الأوامر ، الاخطارات
والتعيينات التي نشرت على الملأ بأية طريقة
كانت قبل نشر مجموعة المنشورات .

افضلية النص

٢ ـ (أ) ان نص المناشير ، الأوامر ، الاخطارات
والتعيينـات الواردة في مجموعة المنشورات
مفضل على النص السابق ، غير ان هذا مع
مراعاة ما ورد في الفقرة (ب) .
(ب) اذا ظهر تناقض بين النص المنشور في
مجموعة المنشورات وبين النص السابق
فسري التعليمات التالية : —
ليس من شأن مجموعة المنشورات ان —

</div>

Case 1:04-cv-00397-BMK-JCM Document 78-13 Filed 07/12/25 Page 15 of 24 PageID #:

<div dir="rtl">

(١) نور على شيء عليه صابقه نص السابق او على
ما تم او تسبب حسب الاصول بموجب ذلك
النص.

(٢) تؤثر على حق او على منفعة تم اكتسابها او
تأتيا بموجب النص السابق او على تعهد او
على دين سارية بموجبه.

(٣) تؤثّر على عقوبة ، على مصادرة او على عقوبة
متوقعة من جراء مخالفة ارتكبت بموجب النص
السابق.

(٤) تؤثّر على تحقيق ، على اجراء قضائي او على
معالجة قضائية في موضوع حق ، منفعة ،
تعهد ، التزام ، عقوبة ، مصادرة او عقوبة
كما ذكر : ويجوز الشروع في تحقيق او
في اجراء او في معالجة قضائية ، او
الاستمرار فيها ، او تنفيذها ؛ ويجوز فرض
العقوبة ، المصادرة ، او العقوبة وكأنما لم
تنشر مجموعة المنشورات .

(٥) تتسبب في ايجاد مسؤولية مسبقة .

**بدء سريان**

٣ ـ يبدأ سريان هذا الأمر اعتباراً من ٥ آب ٥٧٢٧
(١١ آب ١٩٦٧) .

**الاسم**

٤ ـ يطلق على هـذا الأمر اسم وأمر بشأن مجموعة
المنشورات (منطقة الضفة الغربية) (رقم ١١١) ،
لسنة ٥٧٢٧ ـ ١٩٦٧» .

١ ايلول ٥٧٢٧ (٦ ايلول ١٩٦٧)

الألوف عوزي نركيس
الألوف القيادة الوسطى
وقائد قوات جيش الدفاع الاسرائيلي
في منطقة الضفة الغربية

# جيش الدفاع الاسرائيلي

## أمر رقم ١١٢

### أمر بشأن دعاوي الحكومة

استناداً الى الصلاحية المخولة لي بصفتي قائد قوات جيش
الدفاع الاسرائيلي في منطقة الضفة الغربية ، اصدر الأمر
التالي :

**تعاريف**

١ ـ في هذا الأمر :ـ

«اليوم المحـدد» (بالكسر) ـ ٢٨ ايار ٥٧٢٧
(٧ حزيران ١٩٦٧) .

٢٥٢
</div>

<div dir="rtl">

(1) להשפיע על שמ/ה/ח מ/ה/מ/ה של הנוסח הקודם,
או על מה שנעשה או נגרם כשורה לפי אותו
נוסח.

(2) להשפיע על זכות או על זכות־יתר שנרכשה או
שנולדה לפי הנוסח הקודם, או על התחייבות
או על חובות שחלו לפיו.

(3) להשפיע על עונש, על חילוט או על ענישה
הצפויים בשל עבירה שנעברה לפי הנוסח הקודם.

(4) להשפיע על חקירה, על הליך משפטי או על
תרופה משפטית בענין זכות, זכות־יתר, התחיי־
בות, חבות, עונש, חילוט או ענישה כאמור ;
ומותר לפתוח בחקירה או בהליך או בתרופה, או
להמשיך בהם, או לבצע אותם, ומותר להטיל את
העונש, החילוט, או הענישה כאילו לא פורסם
קובץ המנשרים.

(5) ליצור אחריות למפרע.

**תחילת תוקף**

3. תחילתו של צו זה ביום ה' באב תשכ"ז (11 אוגוסט 1967).

**השם**

4. לצו זה ייקרא "צו בדבר קובץ מנשרים (אזור הגדה המע־
רבית) (מס' 111), תשכ"ז–1967".

א' באלול תשכ"ז (6 בספטמבר 1967)

**עוזי נרקיס, אלוף**
אלוף פיקוד המרכז
ומפקד כוחות צה"ל
באזור הגדה המערבית

# צבא הגנה לישראל

## צו מס' 112

## צו בדבר משפטים ממשלתיים

בתוקף סמכויותי כמפקד כוחות צה"ל באזור הגדה המערבית,
אני מצווה בזה לאמור :

**הגדרות**

1. בצו זה :—

"היום הקבוע" — כ"ח באייר תשכ"ז (7 ביוני 1967).

252
</div>



# מנשרים, צוויים ומינויים

### של

## מפקדת כוחות צה"ל באזור הגדה המערבית

## مناشـير، أوامـر وتعيينـات

### صادرة عن

## قيادة قوات جيش الدفاع الاسرائيلي في منطقة الضفة الغربية

| כ"ז בכסלו תשכ"ח (29 בדצמבר 1967) | מס' 8 – העדד 8 | ٢٧ كليف ٧٢٨ه ٢٩ كانون الاول ١٩٦٧ |
|---|---|---|

## المحتويات

**أوامـر**

| | |
|---|---|
| أمر بشأن تقييد نقل بضائع – نابلس (الغاء) (أمر رقم ١٣٧) | ٢٩٩ |
| أمر بتعديل الأمر بشأن صلاحية الحكم في الجرائم الجزائية (أمر رقم ١٤٠) | ٢٩٩ |
| أمر بشأن ساعات منع التجول (تعديل رقم ٣) (أمر رقم ١٤٢) | ٣٠٠ |
| أمر بشأن الدفاع امام محكمة عسكرية (أمر رقم ١٤٣) | ٣٠٠ |
| أمر بشأن تعليمات الأمن (تعديل رقم ٩) (أمر رقم ١٤٤) | ٣٠٣ |
| أمر بشأن المحامين الاسرائيليين امام المحاكم (حكم مؤقت) (أمر رقم ١٤٥) | ٣٠٦ |
| أمر بشأن مساحات مغلقة (مساحة رقم ي) (أمر رقم ١٤٦) | ٣٠٧ |
| أمر بشأن تحصيل الاضافة على ضريبة الطوابع (أمر رقم ١٤٧) | ٣٠٨ |
| أمر بشأن الدعوة الى المحاكمة عن الجرائم المرتكبة خارج المنطقة (أمر رقم ١٤٨) | ٣٠٩ |
| أمر بشأن وضع علامة على البضائع (أمر رقم ١٤٩) | ٣١٠ |
| أمر بشأن الأموال المتروكة (الممتلكات الخصوصية) (تعليمات اضافية) (رقم ١) (أمر رقم ١٦٠) | ٣١١ |

## התוכן

**צווים**

| עמוד | |
|---|---|
| 299 | צו בדבר הגבלת העברת טובין – שכם (ביטול) (צו מס' 137) |
| 299 | צו בדבר תיקון הצו בדבר סמכות שיפוט בעבירות הפליליות (צו מס' 140) |
| 300 | צו בדבר שעות העוצר (תיקון מס' 3) (צו מס' 142) |
| 300 | צו בדבר סניגוריה בבימ"ש צבאי (צו מס' 143) |
| 303 | צו בדבר הוראות בטחון (תיקון מס' 9) (צו מס' 144) |
| 306 | צו בדבר עורכי-דין ישראליים בבתי-המשפט (הוראת שעה) (צו מס' 145) |
| 307 | צו בדבר שטחים סגורים (שטח יוד) (צו מס' 146) |
| 308 | צו בדבר גביית התוספת למס הבולים (צו מס' 147) |
| 309 | צו בדבר זימון למשפט על עבירות שנעברו מחוץ לאזור (צו מס' 148) |
| 310 | צו בדבר סימון טובין (צו מס' 149) |
| 311 | צו בדבר נכסים נטושים (רכוש הפרט) (הוראות נוספות) (מס' 1) (צו מס' 150) |

## المحتويات

| | |
|---|---|
| ٣١٤ | أمر بشأن اغلاق مساحة ــ غور الاردن (أمر رقم ١٥١) |
| ٣١٦ | أمر بشأن منع التجول ــ غور الاردن (أمر رقم ١٥٢) |
| ٣١٧ | أمر بشأن تسجيل نزلاء وساكنين (أمر رقم ١٥٣) |
| ٣٢٠ | أمر بتعديل الأمر بشأن صلاحية الحكم في الجرائم الجزائية (أمر رقم ١٥٤) |
| ٣٢٠ | أمر بتعديل الأمر بشأن نقل المنتوج الزراعي (أمر رقم ١٥٥) |
| ٣٢٢ | أمر بشأن حظر الحصول على منفعة من سلطة معادية (أمر رقم ١٥٦) |
| ٣٢٤ | أمر بشأن تمديد أمر التوقيف (حكم مؤقت) (أمر رقم ١٥٧) |
| ٣٢٥ | أمر بتعديل قانون الاشراف على المياه (أمر رقم ١٥٨) |
| ٣٢٨ | أمر بتعديل قانون سلطة الكهرباء الاردنية (رقم ٢١) لسنة ١٩٦٧ (أمر رقم ١٥٩) |
| ٣٢٩ | أمر بشأن تفاسير (تعليمات اضافية) (رقم ١) (أمر رقم ١٦٠) |
| ٣٣٠ | أمر بشأن تفاسير (تعليمات اضافية) (رقم ٢) (أمر رقم ١٦١) |
| ٣٣١ | أمر بشأن تعيين مكان للتوقيف والحبس (تعديل رقم ١) (أمر رقم ١٦٢) |
| ٣٣٢ | أمر بشأن تقديم بلاغ عن مصابين (أمر رقم ١٦٣) |
| ٣٣٣ | أمر بشأن المحاكم المحلية (مقام سلطات جيش الدفاع الاسرائيلي) (أمر رقم ١٦٤) |

### تعيينات

| | |
|---|---|
| ٣٣٦ | قائمة بالتعيينات الصادرة عن الـلّوف عوزي ركيس الـلّوف القيادة الوسطى وقـائـد قوات جيش الدفاع الاسرائيلي في منطقة الضفة الغربية |

## התוכן

| | |
|---|---|
| 314 | צו בדבר סגירת שטח — בקעת הירדן (צו מס׳ 151) |
| 316 | צו בדבר עוצר — בקעת הירדן (צו מס׳ 152) |
| 317 | צו בדבר רישום מהאכסנים ודיירים (צו מס׳ 153) |
| 320 | צו לתיקון הצו בדבר סמכות שיפוט בעבירות הפלי־ ליות (צו מס׳ 154) |
| 320 | צו לתיקון הצו בדבר העברת תוצרת חקלאית (צו מס׳ 155) |
| 322 | צו בדבר איסור קבלת טובת הנאה מרשות אויב (צו מס׳ 156) |
| 324 | צו בדבר הארכת פקודת מעצר (הוראת שעה) (צו מס׳ 157) |
| 325 | צו לתיקון חוק הפיקוח על המים (צו מס׳ 158) |
| 328 | צו בדבר חוק רשות החשמל הירדנית (מס׳ 21) לשנת 1967 (צו מס׳ 159) |
| 329 | צו בדבר פרשנות (הוראות נוספות) (מס׳ 1) (צו מס׳ 160) |
| 330 | צו בדבר פרשנות (הוראות נוספות) (מס׳ 2) (צו מס׳ 161) |
| 331 | צו בדבר קביעת מקום מעצר ומאסר (תיקון מס׳ 1) (צו מס׳ 162) |
| 332 | צו בדבר מסירת הודעה על נפגעים (צו מס׳ 163) |
| 333 | צו בדבר בתי משפט מקומיים (מעמד רשויות צה״ל) (צו מס׳ 164) |

### מינויים

| | |
|---|---|
| 336 | רשימת מינויים שמינה אלוף עוזי נרקיס, אלוף פיקוד המרכז ומפקד כוחות צה״ל באזור הגדה המערבית |

Case 1:04-cv-00397-GBD-RLE Document 78-13 Filed 07/12/25 Page 18 of 24 PageID #: 1399

## العمود العربي

الاســم

٣ ـ يطلق على هـذا الأمر اسم وأمر بشأن تفاسير (تعليمات اضافية) (رقم ١) (منطقة الضفة الغربية) (رقم ١٦٠) ، لسنة ٥٧٢٨ ـ ١٩٦٧ .

٢ حشوان ٥٧٢٨ (٥ تشرين الثاني ١٩٦٧)

اللّـواء عوزي ـ نركيس
اللّـواء القيادة الوسطى
وقائد قوات جيش الدفاع الاسرائيلي
في منطقة الضفة الغربية

جيش الدفاع الاسرائيلي

أمر رقم ١٦١

أمر بشأن تفاسير (تعليمات اضافية) (رقم ٢)

استناداً الى الصلاحيات المخولة لي بصفتي قائد قوات جيش الدفاع الاسرائيلي في المنطقة ، اصدر الأمر التالي :

تعـريف

١ ـ في هذا الأمر :

« الجريدة الرسمية » ـ حسب مدلولها في القانون .

نشر على الملأ

٢ ـ كل حكم في القانون يتعلق بالنشر في الجريـدة الرسمية ، سواء أكان ذلك اختيارياً ام واجباً ، وكذلك عادة النشر كما ذكر ، يفسران على انهما يتعلقان بالنشر على الملأ بطريقة كافية ، حسب رأي قائد قوات جيش الدفاع الاسرائيلي في المنطقة، لبلوغ علم المعنيين بالأمر .

بدء سريان

٣ ـ يبدأ سريان هذا الأمر اعتباراً من ٢ حشوان ٥٧٢٨ (٥ تشرين الثاني ١٩٦٧) .

الاســم

٤ ـ يطلق على هـذا الأمر اسم وأمر بشأن تفـاسير (تعليمات اضافية) (رقم ٢) (منطقة الضفة الغربية) (رقم ١٦١) ، لسنة ٥٧٢٨ ـ ١٩٦٧ ؛ .

٢ حشوان ٥٧٢٨ (٥ تشرين الثاني ١٩٦٧)

اللّـواء عوزي ـ نركيس
اللّـواء القيادة الوسطى
وقائد قوات جيش الدفاع الاسرائيلي

## העמודה העברית

השם

3. צו זה ייקרא "צו בדבר פרשנות (הוראות נוספות) (מס' 1) (אזור הגדה המערבית) (מס' 160), תשכ"ח–1967".

ב' בחשון תשכ"ח (5 בנובמבר 1967)

עוזי נרקיס, אלוף
אלוף פיקוד המרכז
ומפקד כוחות צה"ל
באזור הגדה המערבית

צבא הגנה לישראל

צו מס' 161

צו בדבר פרשנות (הוראות נוספות) (מס' 2)

בתוקף סמכויותי כמפקד כוחות צה"ל באזור, אני מצווה בזה לאמור :—

הגדרה

1. בצו זה —
"העתון הרשמי"— כמשמעותו בדין.

פרסום ברבים

2. כל הוראה בדין המדוברת בפרסום בעתון הרשמי, בין פרשות ובין כחובה, וכן על מנהג לפרסם כאמור, יתפרשו כמדוברים בפרסום ברבים בדרך מספיקה, לדעת מפקד כוחות צה"ל באזור, להביאה לידיעת הנוגעים בדבר.

תחילת תוקף

3. תחילתו של צו זה ביום ב' בחשון תשכ"ח (5 בנובמבר 1967).

השם

4. צו זה ייקרא "צו בדבר פרשנות (הוראות נוספות) (מס' 2) (אזור הגדה המערבית) (מס' 161), תשכ"ח–1967".

ב' בחשון תשכ"ח (5 בנובמבר 1967)

עוזי נרקיס, אלוף
אלוף פיקוד המרכז
ומפקד כוחות צה"ל

צו בדבר פרשנות (הוראות נוספות) (מס' 2)
(אזור הגדה המערבית) (מס' 161)תשכ"ח—1976

**הוראות**

הנני קובע בזאת כי לצורך סעיף 2 לצו בדבר פרשנות (הוראות
נוספות) (מס' 2) (אזור הגדה המערבית) (מס' 161), תשכ"ח—
1967, יראו כדרך מספיקה לפרסום ברבים כל אחת מדרכי
הפרסום המפורטמות דלקמן:

1. פרסום באמצעות הרדיו;

2. הדבקה בבתי המשפט באזור;

3. הדבקה במשרדיהם של מפקדי הנפות;

4. במקרה של פרסום המתייחס לתושבי עיר או כפר — הדבקה
במשרדיי העירייה או בבית העירי של המוכתר, הכל לפי הענין.

ה' במרחשוון תשכ"ה (8 בנובמבר 1967)

עוזי נרקיס, אלוף
אלוף פיקוד המרכז
ומפקד כוחות צה"ל
באזור הגדה המערבית

צבא הגנה לישראל

צו מס' 162

צו בדבר קביעת מקום מעצר ומאסר (תיקון מס 1)

בתוקף סמכותי כמפקד כוחות צה"ל באזור הנני מצווה בזה
לאמור: —

**תיקון התוספת**

1. בתוספת לצו בדבר בתי סוהר (אזור הגדה המערבית) (מס'
43), תשכ"ז—1967, התוסף פסקה זו:

"5. בית הסוהר – גנין".

**תחילת תוקף**

2. תחילתם של צו זה ביום כ"ו באלול תשכ"ז (1 באוקטובר
1967).

---

<div dir="rtl">

أمر بشأن تفاسير (تعليمات اضافية) (رقم 2)
(منطقة الضفة الغربية) (رقم 161) ، لسنة ١٩٦٧-٥٧٢٨

**تعليمات**

اني اقرر بهذا انه لمقتضى المادة ٢ من الأمر بشأن
تفاسير (تعليمات اضافية) (رقم 2) (منطقة الضفة الغربية)
(رقم ١٦١) ، لسنة ٥٧٢٨ – ١٩٦٧ ، تعتبر طريقة
كافية للنشر على الملإ، كل واحدة من طرق النشر المبينة
فيما يلي :

١ – نشر بواسطة الراديو ،

٢ – الصاق في المحاكم الكائنة في المنطقة ،

٣ – الصاق في مكاتب قادة الاقضية ،

٤ – في حال نشر يتعلق بسكان بلدة او قرية – الصاق في
مكاتب البلدية او في دار المختار ، الكل حسب
مقتضى الحال .

٥ حشوان ٥٧٢٨ (8 تشرين الثاني ١٩٦٧)

اللوف عوزي نركيس
اللوف القيادة الوسطى
وقائد قوات جيش الدفاع الاسرائيلي
في منطقة الضفة الغربية

**جيش الدفاع الاسرائيلي**

أمر رقم ١٦٢

أمر بشأن تعيين مكان للتوقيف والحبس (تعديل رقم ١)

استناداً الى الصلاحية المخولة لي بصفتي قائد قوات جيش
الدفاع الاسرائيلي في المنطقة ، اصدر الأمر التالي :

تعديل الذيل

١ – في ذيل الأمر بشأن السجون (منطقة الضفة الغربية)
(رقم ٤٣) ، لسنة ٥٧٢٧ – ١٩٦٧ ،
البند الثاني :

« ٥ – سجن –جنين » .

بدء سريان

٢ – يبدأ سريان هذا الأمر اعتباراً من
(١ تشرين الاول ١٩٦٧)

</div>



אזור יהודה ושומרון

# מנשרים , צווים ומינויים

منطقة يهودا والسامرة

# مناشير , اوامر وتعيينات

| | |
|---|---|
| كراسة رقم ٢٠٠ | חוברת מס' 200 |
| ٢٠٠٣-٥٧٦٣ | תשס"ג, 2003 |
| ايار ٢٠٠٣ | מאי 2003 |
| صادر عن المستشار القضائي لمنطقة يهودا والسامرة | מוצא על ידי היועץ המשפטי לאזור יהודה והשומרון |
| طبع على يد مطبعة الادارة المدنية يهودا والسامرة | הודפס ע"י דפוס מנהא"ז איו"ש |

צבא הגנה לישראל

תקנות הגנה (שעת חירום), 1945

הכרזה על התאחדות בלתי מותרת (תיקון מס׳ 1)

בתוקף סמכותי כמפקד כוחות צה״ל באזור ובהתאם לתקנה 84(1)(ב) לתקנות הגנה (שעת חירום), 1945 (להלן : ״תקנות ההגנה״) ויתר סמכויותי על פי כל דין ותחיקת ביטחון, ולאחר שהשתכנעתי כי הדבר דרוש לצורך הגנת האזור או ביטחון האזור והסדר ציבורי, הנני קובע, כי בהכרזה על התאחדות בלתי מותרת, התשמ״ח- 1988, לאחר המילים ״חברת בית אלמאל אלפלסטיני אלערבי אלמוסחימה אלעאמה אלמחדודה בע״מי״ יבואו :

ח.   ״אגודות הצדקה באיו״ש ובאזה״ע״ השייכות לארגון החמאס ו/או התומכות בו ומחזיקות את תשתית החמאס לרבות

״ועדת הצדקה והחסד דאן יונס״ (״לגינת זכאת אלרחמה דאן יונס״)

״אגודת המרכז האסלאמי״ (״ י אלמג׳מע אלאסלאמי״) רצועת עזה

״אגודת טוהר המידות האסלאמית״ (ג׳מעית אלצלאח אלאסלאמיה״) רצועת עזה

״האגודה האסלאמית״ (אלג׳מעיה אלאסלאמיה״) רצועת עזה

״אגודת הנאמנות לטיפול בקשישים״ (ג׳מעית אלופאא לריעאית אל מסנין״) רצועת עזה

״אגודת מוסד הצדקה והחסד לילדים״ (ג׳מעית מברת אלרחמה ללאטפאלי״) רצועת עזה

״אגודת בית הקוראן והסונה״ (ג׳מעית דאר אלכתאב ואלסנה״) רצועת עזה

״אגודת בית הקוראן המבורך והסונה״ (ג׳מעית דאר אלקראן אלכרים ואלסנהי״) רצועת עזה

״אגודת האסיר אלנור״ (״ג׳מעית אלנור אלחיריה״) רצועת עזה

״אגודת הצדקה האסלאמית חברון״ (אלג׳מעיה אלחיריה אלאסלאמיה אלחיליי״)

״אגודת הרפורמה ביריחו״(״ג׳מעית אלאצלאח אלחיריה״.

״האגודה לטיפול ביתומים בבית לחם״ (״ג׳מעית רעאית אליתים בית לחם״)

״אגודת הצדקה (הרפורמה) האסלאמית באלבירה״ (״ג׳מעית אלאצלאח״)

״ועדת הצדקה ברמאללה״ (לג׳נת אלזכאת רמאללהי״)

״אגודת אלקראן ואלסנה קלקיליה״ (״ג׳מעית אלקראן ואלסנה קלקיליהי״)

״ועדת הצדקה טול כרם״ (״לג׳נת אלזכאת טול כרם״)

״אגודת הסולידריות לצדקה האיסלאמית״ (״ג׳מעית אלתדאמן אלחיריה אלאסלאמיהי״) שכם

״ועדת הסיוע האסלאמית שכם״ (לג׳נת אלאעיתיה אלאסלאמיה נאבלסי״)

"ועדת כספי הצדקה ג'נין" (לג'נת אמואל אלזכאה ג'נין)

"אגודת הצעירים המוסלמים" (ג'מעית אלשעבאן אלמסלמין") חברון

וכן האגודות הבאות שמרכזן בחו"ל :

"הכנס העולמי לנוער אסלאמי" (אלנדוה אלעאלמיה לשבאב אסלאמי")

"קואליצית הצדקה" (אאתלאף אלחיר")

"אגודת חסיוע האסלאמית העולמית" (אלחיאה אלחיריה אלאסלאמיה אלעאלמיה")

כ"א באב התשס"ב

30   יולי   2002

יצחק איתן,   אלוף

מפקד   כוחות   צה"ל

באזור   יהודה   ושומרון

3239

انظمة الدفاع (حالة طوارئ)١٩٤٥

اعلان على اتحاد غير مسموح به (تعديل رقم ١)

ضفقاً ' لصلاحيتي كقائد قوات جيش الدفاع الاسرائيلي في المنطقة, روعفاً لنظمه ٨٤(٢)(ب) لانظمه الدفاع (حالة طوارئ)ه ١٩٤٤ , (فيما يلي: انظمة الدفاع) وباقي صلاحياتي حسب كل قانون وتشريع امن وبعد ان اقتنعت بان الامر ضروري من اجل الدفاع على امن المنطقه والنظام العام ,اعلان بهذا, بانه في الاعلان على اتحاد, غير مسموح به ٥٧٦٣–١٩٨٨ ,بعد الكلمات 'شركة بيت المال النيليبيجي العربي المساهمه العامه المحدوده النعمان'', يأتي.

١٩٧١ -
بحله

ح.    ''جمعيات الصدقه في بهردا والسادوو وقطاع عزه ''   التابعه لحركة حماس و او المسانده له والتي تنزز نبة
حركة حماس بما في ذلك.
(''لجنة زكخات الرحمه خان يونس'')
(''المجمع الاسلامي'') قطاع غزه
(''جمعية الصلاح الاسلامية '') قطاع غزه
(''الجمعيه الاسلاميه'') قطاع غزه
(''جمعية الوفاء لرعايه المسننن'') قطاع غزه
(''جمعية مبرت الرحمه للاطفال '') قطاع غزه
(''جمعيّة دار الكتاب والسنه'') قطاع غزء
(''جمعية دار القران الكريم والسنه'') قطاع غزه
(''جمعية النور اخيريه'') قطاع عزه
(''جمعية اخيريه الاسلاميه الخليل'')
(''جمعيّة الاصلاح الخيريه '')
(''جمعية رعايه اليتيم بيت لحم'')
(''جمعية الاصلاح'')
(''لجنه الزكات رام الله'')
(''جمعية القرآن والسنة قلقيلية'')
(''لجنة الزكات طول كرم'')
(''جمعية التضامن الخيرية الاسلامية'') نابلس
(''لجنة الاعالة الاسلامية نابلس '')
(''لجنة اموال الزكاة جنين'')
(''جمعية الشبان المسلمين'') الخليل

حواس .

ه طبقا''

بعد ان

الوف
ع الاسرائيلي
ا    وانساموه

بإبقاء الجمعيات التالية والتي مركزها في خارج البلاد:

("الندوة العالمية للشباب الاسلامي")

("ائتلاف الخير")

("انيه الجبوية الاسلامية العالمية")

٢١ آب ٥٧٦٢

٣٠ تموز ٢٠٠٢

وفقا" لصلا

الغاء

اعادة الحيان

بدء سريان

الاسم

إيسحاق ايتان ,          الوف

قائد قوات جيش الدفاع الاسرائيلي

في  ·منطقة  يهودا  والسامرة

١١

١٧   تش

٣٢٨٩