

October 29, 2025

Hon. Joseph A. Marutollo, U.S.M.J.
U.S. District Court, Eastern District of New York
Brooklyn, New York 11201

**Re:**    ***Spetner, et al. v. Palestine Investment Bank***, No. 1:19-cv-005-EK-JAM (E.D.N.Y.) –
Motion To Stay Discovery Pursuant to October 10, 2025 Order

Dear Judge Marutollo:

We represent Defendant Palestine Investment Bank ("PIB") and write, pursuant to the Court's October 10, 2025 order (ECF 85) and Part VI.B of Your Honor's Individual Rules, to request that the Court exercise its discretion to stay all discovery pending resolution of PIB's dismissal motion.

## I.    Procedural History.

PIB presumes the Court's familiarity with the proceedings in this case, and recounts here only what is relevant to PIB's instant stay application. As the parties discussed in their September 15, 2025 joint letter motion (ECF 83 at 1), after this case returned to this court following the Second Circuit's June 16, 2023 decision vacating Judge Komitee's dismissal of Plaintiffs' first amended complaint for lack of personal jurisdiction over PIB, Plaintiffs filed a second amended complaint (ECF 68), and PIB moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* ECF 70-72. Following a conference with Judge Komitee on May 13, 2024, Plaintiffs filed their Third Amended Complaint ("TAC"). ECF 78. The parties then filed supplemental submissions addressing certain questions posed by Judge Komitee at the May 13, 2024 conference and certain issues raised by the TAC. *See* ECF 80-81. PIB's motion to dismiss remains *sub judice*.

On October 10, 2025, a status conference was held during which Your Honor ordered: (1) the parties to meet and confer to discuss a proposed discovery plan and scheduling order; and (2) Defendant shall file a letter motion to stay discovery by October 29. ECF 85. As was discussed at the conference, Plaintiffs have not served any discovery, and discovery has not yet commenced.

On October 23, the parties conferred and will file today a proposed scheduling order. However, a dispute remains whether a stay should be imposed pending resolution of PIB's dismissal motion.

## II.    Discovery Should be Stayed Pending Resolution of PIB's Motion to Dismiss.

The Court has "broad discretion to direct and manage the pre-trial discovery process." *Wills v. Amerada Hess Corp.*, 379 F.3d 32, 41 (2d Cir. 2004). "To that end, upon a showing of good cause, 'a district court has considerable discretion to stay discovery pursuant to Rule 26(c).'" *Thomas v. Amazon.com Servs., LLC*, 2024 WL 3706844, at *3 (E.D.N.Y. Apr. 15, 2024) (Marutollo, J.) (citation omitted). "In evaluating whether a stay of discovery pending resolution of a motion to dismiss is appropriate, courts typically consider: (1) whether the Defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Palladino v. JPMorgan Chase & Co.*, 345 F.R.D. 270, 273 (E.D.N.Y. 2024) (Marutollo, J.) (cleaned up), *aff'd*,

730 F. Supp. 3d 4 (E.D.N.Y. 2024). "Courts also may take into consideration the nature and complexity of the action … and the posture or stage of the litigation," *Palladino*, 730 F. Supp. 3d at 10 (cleaned up), as well as the expense to the defendant seeking dismissal. *See Levy v. BASF Metals Ltd.*, 755 F. App'x 29, 31 (2d Cir 2018) ("undue burden and expense" is "appropriate" consideration in granting stay). The Court should stay discovery pending Judge Komitee's disposition of PIB's dismissal motion because each of the relevant factors is satisfied.

***First*,** PIB's motion is strong indeed and "raises substantial issues with regard to ***all*** of the causes of action alleged in the complaint, which is sufficient to warrant a stay." *Palladino*, 345 F.R.D. at 274 (cleaned up and emphasis added); *contra Khan v. New York City*, 757 F. Supp. 3d 327, 335 (E.D.N.Y. 2024) (Marutollo, J.) (denying stay where dismissal motion did not seek to, and would not, dispose of all claims). As PIB explained in its briefing and supplemental submission, *Twitter, Inc. v. Taamneh*, 598 U.S. 471 (2023) forecloses Plaintiffs' claims of secondary liability. Recent Supreme Court and Second Circuit authority—most prominently, *Smith & Wesson Brands, Inc. v. Estados Unidos Mexicanos*, 605 U.S. 280 (2025) and *Ashley v. Deutsche Bank Aktiengesellschaft*, 144 F.4th 420 (2d Cir. 2025), which is the first Second Circuit decision that applies *Taamneh* to JASTA aiding-and-abetting claims against banks, and thus is directly on point in this action—confirm that Plaintiffs' aiding-and-abetting claim will fail because they do not plausibly allege that PIB consciously or culpably took actions to facilitate the attacks at issue. And Plaintiffs' claims of ATA primary and conspiracy liability are misplaced because Plaintiffs do not plausibly allege that PIB's conduct itself is an act of international terrorism, that it acted with the required heightened state of mind, or that such conduct proximately caused the attacks at issue, or that PIB had any agreement to commit terrorism. "Discovery should be stayed" where, as here, "there are no factual issues in need of further immediate exploration, and the issues before the Court are purely questions of law that are potentially dispositive." *Sharma v. Open Door NY Home Care Servs., Inc.*, 345 F.R.D. 565, 568 (E.D.N.Y. 2024) (Marutollo, J.) (cleaned up).

Judge Komitee already dismissed the complaint once, and suggested at the May 13, 2024 conference that Plaintiffs should "seek permission to amend the complaint" (ECF 77 at 35:20-36:5) before he would "go through the entire process of writing an opinion" (*id.* at 35:1-2). Judge Komitee also ordered the parties to brief two issues—"(A), the contours and the source of any obligations [PIB] has to know its customers and to avoid being in the terrorism financing business and (B), any factual allegations in respect of whether banking in the ordinary course in [Palestine] in 2001 and '02 can plausibly be understood to have required humans to put eyes on checks." *Id.* at 66:1-7. Responses to both inquiries weigh heavily in PIB's favor. *See* ECF 80 at 1-4. PIB respectfully invites the Court's attention to the pending briefing for a full analysis of these issues.

That PIB's motion has been pending *sub judice* for over a year, is also strongly indicative that PIB has made "substantial arguments for dismissal," warranting a stay. *Palladino*, 345 F.R.D. at 274 (quoting *O'Sullivan v. Deutsche Bank AG*, 2018 WL 1989585, at *4 (S.D.N.Y. Apr. 26, 2018)).

***Second*,** while the breadth of potential discovery is largely unknown—because Plaintiffs, to date, have elected not to serve discovery—the undue burden and expense of responding to discovery at this juncture warrants a stay. The Supreme Court has counseled that "special vigilance" should be used "to protect foreign litigants" from "unnecessary, or unduly burdensome, discovery." *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct. for S. Dist. of Iowa*, 482 U.S. 522, 546 (1987).

3

Hon. Joseph A. Marutollo

Collecting and producing documents at this time will be impose a substantial burden on PIB, a relatively small institution with fewer than 350 employees[1]—particularly where discovery will be "mooted entirely" if the case is dismissed. *See Sharma*, 345 F.R.D. at 569. That burden is exacerbated by the security situation in the Palestinian territories that will hamper the ability of PIB's counsel to travel to Ramallah, where PIB is headquartered and where its files are maintained. Indeed, a recent State Department travel advisory warned Americans to "reconsider travel" both to Israel and the West Bank "due to terrorism and civil unrest,"[2] which includes regular incursions by Israeli military forces and private settlers into Palestinian territory in the West Bank, including Ramallah.[3] That leads directly to the next point.

**Third,** any risk of unfair prejudice to Plaintiffs is negated by the fact that they have not served discovery and, to put it charitably, were agnostic during the October 10, 2025 conference about whether discovery should proceed while the dismissal motion is pending. *Cf. Thomas*, 2024 WL 3706844, at *5 ("little prejudice" where plaintiff agreed to stay pending dismissal motion). Another court reviewing similar terrorism-support claims ordered discovery stayed pending the defendant's 12(b)(6) motion to dismiss, reasoning that even limited discovery "would … significant[ly] burden" defendant banks. *O'Sullivan*, 2018 WL 1989585, at *8-9. In addition to considering defendants' "strong showing that plaintiffs' claims are unmeritorious," *O'Sullivan* explained that "the passage of a reasonable amount of time, without any other form of attendant prejudice, cannot itself constitute prejudice sufficient to defeat a motion to stay discovery." *Id.* at *6, 9; *see also Kaplan v. Lebanese Canadian Bank, SAL*, 610 F. Supp. 3d 533, 534 (S.D.N.Y. 2022) (letting discovery proceed in an ATA case only after it was "pending approximately fourteen years" and both federal and state courts issued "numerous rulings on the sufficiency of the pleadings"). Here, Plaintiffs have identified no prejudice. They delayed filing this case for more than 16 years after the final attack at issue, they agreed to further delays while they amended their complaint multiple times, and have not themselves sought discovery. Given that the underlying events happened more than 23 years ago and "this case is still in early stages," staying discovery pending Judge Komitee's decision on a motion to dismiss that is fully briefed will not make a material difference to Plaintiffs. *Palladino*, 345 F.R.D. at 275; *Cohen v. Saraya USA, Inc.*, 2024 WL 198405, at *3 (E.D.N.Y. Jan 18, 2024) (granting stay, noting "this case is still in its early stages—a discovery schedule has not been set, discovery has not occurred, and depositions have not been taken"); *Sharma*, 345 F.R.D. at 569 ("little prejudice" to plaintiffs from stay where dismissal motion would be fully briefed in less than two months).

**Finally,** the unique "nature and complexity of the action" decisively weighs in favor of a stay. *See Palladino*, 730 F. Supp. 3d at 10. This case has already made one trip to the Second Circuit and, according to Judge Komitee, implicates among other things, whether PIB adhered to applicable regulatory requirements in Palestine around the turn of the 21st century (*see* ECF 80 at 2-4). Even if PIB's motion to dismiss is not granted in its entirety, "the breadth and burden of discovery may be narrowed substantially following resolution of the motion to dismiss." *See Simon v. New York City Dep't of Educ.*, 2024 WL 4932765, at *1 (E.D.N.Y. Dec. 2, 2024) (Komitee, J.).

---

[1] PIB 2024 Annual Report at 53, https://tinyurl.com/3d4bd375.

[2] U.S. State Dep't, Israel, the West Bank and Gaza Travel Advisory (July 13, 2025), https://tinyurl.com/yy8vuze5.

[3] *See, e.g.*, *In re Diisocyanates Antitrust Litig.*, 2021 WL 4288362, at *2 (W.D. Pa. Sept. 21, 2021) ("discovery from a foreign defendant involving the collection, analyzing of documents, and production of the same is made more burdensome" due to COVID pandemic); *McCleary v. Elekta Inc.*, 2020 WL 2134149, at *1 (W.D. La. May 5, 2020) (staying discovery during COVID pandemic due to health risks to litigants).

4

Hon. Joseph A. Marutollo

Respectfully submitted,

*/s/ Gassan A. Baloul*
Gassan A. Baloul

Cc: All counsel of record (via ECF)