

Squire Patton Boggs (US) LLP
2550 M Street, NW
Washington, D.C. 20037

O  +1 202 457 6000
F  +1 202 457 6315
squirepattonboggs.com

Gassan A. Baloul
T  +1 202 457 6155
gassan.baloul@squirepb.com

December 22, 2025

Hon. Joseph A. Marutollo, U.S.M.J.
U.S. District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

RE:   *Spetner, et al. v. Palestine Investment Bank*, No. 1:19-cv-005-EK-JAM (E.D.N.Y.)

Dear Judge Marutollo:

We represent Defendant Palestine Investment Bank ("PIB") and write, pursuant to the Court's November 19, 2025 (ECF 89) and December 15, 2025 orders to submit PIB's proposed ESI Protocol (Ex. 1). As the parties discussed in their joint letter-motion (ECF 92), the parties have a fully agreed-upon ESI Protocol, with the exception of two limited areas of dispute: (1) the production of a "data map"; and (2) the identification of backup systems/tapes.

**1. Production of a data map is unduly burdensome and not required by controlling law.**

The production of a data map, which constitutes "discovery on discovery," is, at this stage of the litigation, not required by controlling law, unnecessary, and unduly burdensome. The law is clear that PIB is the party most knowledgeable about its own systems and records and thus is best positioned to determine how to search, identify, and produce records and information in response to Plaintiffs' discovery requests. Despite this, PIB has already agreed to "meet and confer on search terms for ESI in good faith and agree on mutually agreeable search terms" and to otherwise "participate in an iterative e-discovery process." Ex. 1, §§ 1.4, 1.5. But absent an "adequate factual basis"—not present here—Plaintiffs are not entitled to a data map of PIB's systems.

"Courts have found the Sedona Principles instructive with respect to electronic discovery issues." *Kairam v. W. Side GI, LLC*, No. 18-cv-01005, 2023 WL 3220159, at *1 n.2 (S.D.N.Y. Feb. 24, 2023). Sedona Principle 6 provides that "[r]esponding parties are best situated to evaluate the procedures, methodologies, and technologies appropriate for preserving and producing their own electronically stored information." *Mortg. Resol. Servicing, LLC v. JPMorgan Chase Bank, N.A.*, No. 15 Civ. 0293, 2017 WL 2305398, at *2 (S.D.N.Y. May 18, 2017) (quoting The Sedona Conference, The Sedona Principles: Second Edition, Best Practices Recommendations & Principles for Addressing Electronic Document Production, at ii princ. 6 (2007), http://www.thesedonaconference.org)); *see also Hyles v. New York City*, No. 10 Civ. 3119, 2016 WL 4077114, at *3 (S.D.N.Y. Aug. 1, 2016). "Traditionally, courts have not micro-managed parties' internal review processes for a number of reasons. First, attorneys, as officers of the court, are expected to comply with Rules 26 and 34 in connection with their search, collection, review

and production of documents, including ESI.  Second, internal attorney ESI work processes may reveal work product, litigation tactics, and trial strategy.  Third, as noted above, the producing party is better equipped than the court to identify and utilize the best process for producing their own ESI consistent with their obligations under the Federal Rules of Civil Procedure.  Fourth, perfection in ESI discovery is not required; rather, a producing party must take reasonable steps to identify and produce relevant documents." *Winfield v. City of New York*, No. 15-CV-05236, 2017 WL 5664852, at *9 (S.D.N.Y. Nov. 27, 2017) (citations omitted).

The "purpose of an ESI Protocol [is] ensuring that all responsive and relevant ESI is produced without Court intervention." *Leon v. Am. Honda Motor Co. Inc.*, No. CV 24-7872, 2025 WL 3255005, at *3, 4 (C.D. Cal. Nov. 7, 2025).  "Rule 26(a) does not require the intricate level of disclosure demanded by [Plaintiffs] at this early stage of litigation." *Patel v. Gen. Motors Co.*, No. 22-cv-10742, 2022 WL 19974796, at *2 (E.D. Mich. Oct. 25, 2022).  And an ESI protocol is not intended to overrule or otherwise require more onerous disclosure than required by the Federal Rules of Civil Procedure.  *Cf. Occidental Chem. Corp. v. 21st Century Fox Am., Inc.,* No. 18-11273, 2022 WL 6757278, at *4 (D.N.J. Oct. 11, 2022) ("The ESI Protocol does not overrule laws of privilege.").  Absent some "adequate factual basis"—such as "gaps in the production of ESI, any reason to believe that documents have been deleted, or any basis for asserting that Defendant[] [is] not searching all relevant and reasonably available sources of ESI that would contain material responsive to Plaintiff[s'] document requests"—parties are not required to produce "discovery on discovery," including a data map.  *Haroun v. ThoughtWorks, Inc.*, No. 20-CV-0100, 2020 WL 6828490, at *1-2 (S.D.N.Y. Oct. 7, 2020) (collecting authority including *Winfield*).  In this case, initial discovery has not even commenced, thus making it impossible for Plaintiffs to have identified production deficiencies necessitating the production of a data map.  *Id.*; *see also Williams v. Fed. Gov't of Nigeria*, No. 23-cv-7356, 2025 WL 507702, at *1-2 (S.D.N.Y. Feb. 14, 2025) (same); *Huawei Techs. Co. v. Huang*, No. 4:17-CV-00893, 2018 WL 6329082, at *7 (E.D. Tex. Dec. 4, 2018) (denying request for data map where producing party complied with its discovery obligations).

Plaintiffs, contrary to their assertion here, do not "need to know all of Defendant['s] sources of ESI to determine whether documents have been deleted and, if so, whether they may be available from another source.  Plaintiff[s] can inquire at deposition both about the documents that have been produced and those that have not been produced and can review the document production itself for obvious gaps.  If [they] create[] a record, [they] may have a basis for discovery on discovery." *Haroun*, 2020 WL 6828490, at *2.  Because Plaintiffs have not (and, at the outset of discovery, could not) develop such a record, their request for a data map should be denied.

**2. Identification of backup systems/tapes is not required by controlling law.**

For similar reasons as discussed above, controlling law does not require that PIB identify backup systems/tapes at this time, and Plaintiffs have not demonstrated an adequate factual basis for why they require such information.

Under the Federal Rules and controlling law, backup systems/tapes are distinguishable from, and treated differently than, "active" data.  For example, "[o]nce a party reasonably

Squire Patton Boggs (US) LLP                                                     Hon. Joseph A. Marutollo
                                                                                 December 22, 2025

anticipates litigation, it must suspend its routine document retention/destruction policy and put in place a 'litigation hold' to ensure the preservation of relevant documents. As a general rule, that litigation hold does not apply to inaccessible backup tapes (*e.g.*, those typically maintained solely for the purpose of disaster recovery), which may continue to be recycled on the schedule set forth in the company's policy." *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 218 (S.D.N.Y. 2003) (emphasis added).

During the meet-and-confer process, PIB informed Plaintiffs that "our initial investigation indicates that PIB maintains complete data in its 'active' files (electronic, hard copy, or both), and thus there will be no need to identify or search backup tapes or systems." Moreover, PIB's counsel has, consistent with their obligations, instructed PIB to "preserve [relevant documents], and are not aware of any noncompliance. Therefore, documents on backup tapes are duplicative of the documents" saved "in active storage locations." *Margolis v. Dial Corp.*, No. 12-CV-0288, 2012 WL 2588704, at *3 (S.D. Cal. July 3, 2012). Accordingly, "a reasonable investigation" by counsel "to identify and preserve relevant materials … would not automatically include information maintained on computer back-up tapes." *Cache La Poudre Feeds, LLC v. Land O'Lakes, Inc.*, 244 F.R.D. 614, 628 (D. Colo. 2007).

Moreover, Rule 26(b)(2)(B) provides that a "party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost." Numerous courts have found that "[a]s a general rule, backup tapes are considered inaccessible under Rule 26(b)(2)(B) because of the costs and burdens of restoring them." *Sinclair Wyoming Ref. Co. v. A&B Builders, Ltd.*, No. 15-CV-91, 2016 WL 11494744, at *6 (D. Wyo. Nov. 4, 2016) (collecting cases including *Zubulake*); *Champion Foodservice LLC v. Vista Food Exch., Inc.*, No. 1:13-CV-1195, 2015 WL 12743833, at *5 (N.D. Ohio Mar. 20, 2015) (same, citing The Sedona Principles); *Wells Fargo Bank, N.A. v. LaSalle Bank Nat. Ass'n*, No. 3:07-CV-449, 2009 WL 2243854, at *3 (S.D. Ohio July 24, 2009) ("the difficulty of retrieving information from backup tapes should come as no surprise … data stored on backup tapes is well understood as the paradigmatically difficult ESI to search because it must be restored to 'active' computers before being searched").

It is for these reasons that courts find that a defendant "has provided a full and complete response [to a discovery request] by providing plaintiffs with all existing responsive documents" without reference to, or relying on, backup tapes. *See Oxford House, Inc. v. City of Topeka, Kansas*, No. 06-4004, 2007 WL 1246200, at *4 (D. Kan. Apr. 27, 2007). Where, as here, "accessible data satisfies the requirement to search for and produce relevant information, there is no need to save or search" or otherwise identify backup tapes. *See Pension Comm. of Univ. of Montreal Pension Plan v. Banc of Am. Sec., LLC*, 685 F. Supp. 2d 456, 479 n.99 (S.D.N.Y. 2010) (abrogated on other grounds) (cited in The Sedona Conference, Commentary on Defensible Disposition, Second Edition, 20 SEDONA CONF. J. 179, 222 n.67 (2019)). Plaintiffs have not demonstrated good cause, and their request for the identification of backup systems/tapes should be denied.

For the aforementioned reasons, PIB respectfully requests that the Court adopt Ex.1 as the ESI Protocol in this matter.

Squire Patton Boggs (US) LLP

**Hon. Joseph A. Marutollo**
December 22, 2025

        Respectfully submitted,

        /s/*Gassan A. Baloul*
        Gassan A. Baloul

        *Attorneys for Defendant Palestine Investment Bank*

cc:     All Counsel by ECF